NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JAN 2 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| K.C., a minor, by and through her guardian ad litem Carolina Navarro; et al., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> LAS VEGAS METROPOLITAN POLICE DEPARTMENT; et. al., <br><br> Defendants - Appellees, <br><br> and <br><br> BRIAN MONTANA, UNITED STATES MARSHALS SERVICE, <br><br> Defendants. | No. 24-5580 <br><br> D.C. No. 2:16-cv-03039-APG-NJK <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, Chief District Judge, Presiding

Argued and Submitted October 6, 2025
Las Vegas, Nevada

Before: BENNETT, SANCHEZ, and H.A. THOMAS, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

This case involves a deadly encounter between Las Vegas Metropolitan Police Department Officers Sergeant Robert Bohanon, Officer Blake Walford, and Officer James Ledogar ("Defendants") and Keith Childress, whom officers mistakenly believed was carrying a firearm.[1]  Defendants opened fire as Childress approached them and then fired again after Childress fell to the ground.  After the second volley of shots was fired, Ledogar released a police dog onto Childress, which bit him for approximately fifteen seconds.  Plaintiffs appeal the district court's grant of summary judgment to Defendants on Plaintiffs' Fourth Amendment excessive force claim against Bohanon and Walford based on the officers' first volley of shots and Fourteenth Amendment claim of interference with a familial relationship against all three Defendants.  We review "de novo whether the facts, considered in the light most favorable to the plaintiff, show that qualified immunity is warranted," *Sanderlin v. Dwyer*, 116 F.4th 905, 910 (9th Cir. 2024) (quotations omitted), and affirm only when "there is no genuine dispute as to any material fact," *Reed v. Lieurance*, 863 F.3d 1196, 1204 (9th Cir. 2017)

---

[1] Childress's estate, parents, and three minor children ("Plaintiffs") filed suit against the Las Vegas Metropolitan Police Department ("LVMPD"), Sergeant Robert Bohanon, Officer Blake Walford, Officer James Ledogar, the U.S. Marshal Service, and U.S. Marshal Brian Montana.  This disposition only addresses the district court's rulings concerning Defendants Bohanon, Walford, and Ledogar.

(quoting Fed. R. Civ. P. 56(a)). We have jurisdiction under 28 U.S.C. § 1291. We affirm.[2]

1.     Plaintiffs have not raised a genuine dispute of material fact as to whether Bohanon's and Walford's use of force during their first volley of shots violated the Fourth Amendment. Because Bohanon's and Walford's use of force was based on a mistake of fact—that Childress possessed a firearm—we first "ask whether a reasonable officer would have or *should* have accurately perceived that fact." *S.R. Nehad v. Browder*, 929 F.3d 1125, 1133 (9th Cir. 2019) (quotations omitted). We then consider whether Bohanon's and Walford's use of force was objectively unreasonable under the Fourth Amendment. *See Graham v. Connor*, 490 U.S. 386, 396 (1989).

First, Plaintiffs have not raised a genuine dispute of material fact as to the reasonableness of the officers' mistake. Bohanon and Walford observed a black object in Childress's right hand at a distance greater than 45 feet away. When Childress moved toward them, his left arm and hand swung back and forth while his right arm did not, and his right hand was not visible. Prior to the encounter, the officers were informed that Childress was suspected of attempted homicide, and

---

[2] We do not address in this memorandum disposition Plaintiffs' separate challenge to the district court's limitation of their state law negligence claim at trial. In a concurrently filed order, we certify questions of law to the Supreme Court of Nevada concerning Plaintiffs' negligence claim.

that he may have had access to a firearm. The officers testified that as Childress approached them, they could only see his left hand. And Childress did not respond to the officers' repeated commands to "drop the gun" and show his hands.

Under these circumstances, and viewing the evidence in the light most favorable to Plaintiffs, Bohanon's and Walford's belief that Childress possessed a firearm was reasonable as a matter of law. *See Est. of Strickland v. Nevada County*, 69 F.4th 614, 621–23 (9th Cir. 2023) (concluding that officers reasonably believed that a toy gun was real when reports suggested that the suspect carried a shotgun and the suspect did not comply with orders to drop the gun); *Napouk v. Las Vegas Metro. Police Dep't*, 123 F.4th 906, 916 (9th Cir. 2024) (concluding that officers reasonably believed that a plastic sword was real when reports suggested that the suspect carried a "machete" and the suspect ignored orders to drop the "knife").

Second, Plaintiffs have not raised a genuine dispute of material fact as to whether the officers' use of force was objectively reasonable under the circumstances. *See Graham*, 490 U.S. at 396. In assessing the objective reasonableness of the officers' use of force, we evaluate factors such as "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* We also consider "whether officers gave

a warning before employing the force" and "whether there were less intrusive means of force that might have been used." *Glenn v. Washington County*, 673 F.3d 864, 876 (9th Cir. 2011).

Here, Childress's crime was indisputably severe because the officers were informed that Childress was suspected of attempted homicide, and because Childress had, in fact, been indicted on charges of armed robbery and kidnapping in Arizona. Childress also posed an immediate threat to the officers' safety. Childress, whom the officers reasonably believed had a firearm in his right hand, disobeyed over twenty commands to "get your hands up," "drop the gun," and "do not advance or you will be shot." Childress ignored these commands and advanced quickly toward the officers. Bohanon gave multiple warnings before employing force, stating "if you advance on us you will be shot" twenty seconds before opening fire, and then shouting twice more, "do not walk towards us." And the only less lethal alternatives that the officers carried—a taser, pepper spray, and a baton—were ineffective at Childress's 45-foot distance. "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. Under these circumstances, and viewing the evidence in the light most favorable to Plaintiffs, no reasonable juror could conclude that Bohanon's and Walford's first volley of shots was objectively unreasonable.

2.     The district court properly granted summary judgment to Defendants on Plaintiffs' Fourteenth Amendment interference with familial relationship claim. Only "[o]fficial conduct that shocks the conscience in depriving parents of [their liberty] interest is cognizable as a violation of due process." *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010) (quotations omitted); *see also Ochoa v. City of Mesa*, 26 F.4th 1050, 1056 (9th Cir. 2022) (recognizing under the Fourteenth Amendment a "child's interest in her relationship with a parent"). "[W]here a law enforcement officer makes a snap judgment because of an escalating situation, his conduct may only be found to shock the conscience if he acts with a purpose to harm unrelated to legitimate law enforcement objectives." *Wilkinson*, 610 F.3d at 554. Here, the officers made a snap judgment when Childress quickly moved toward them, and the record when viewed in the light most favorable to Plaintiffs does not suggest that the officers acted with a purpose unrelated to legitimate law enforcement objectives. *See A.D. v. Cal. Highway Patrol*, 712 F.3d 446, 454 (9th Cir. 2013).

**AFFIRMED.**